## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**WESLEY L. ADKINS,**

**Plaintiff,**

v.                                                          **CASE NO. 24-3210-JWL**

**STATE OF KANSAS, ET AL.,**

**Defendants.**

## MEMORANDUM AND ORDER

This matter is a pro se civil rights action under 42 U.S.C. § 1983 brought by Plaintiff and state prisoner Wesley L. Adkins, who is housed at El Dorado Correctional Facility (EDCF) in El Dorado, Kansas. The Court has reviewed the complaint and identified deficiencies that are set forth below and that leave the complaint subject to dismissal in its entirety. The Court will grant Plaintiff time in which to file a complete and proper amended complaint that cures the deficiencies identified herein. If Plaintiff fails to do so in the allotted time, this matter will be dismissed without further prior notice to him.

### I.    Nature of the Matter before the Court

Plaintiff names as Defendants in this matter the State of Kansas' Department of Corrections (KDOC); Centurion Managed Care (Centurion), the medical health care provider at EDCF; KDOC Secretary Jeff Zmuda; Darcie Holthaus, Corrections Manager, Facility Management; EDCF Warden Tommy L. Williams; Tracy Gunderson and Sarah D. Madgwick, Health Service Administrators at Lansing Correctional Facility (LCF) and EDCF, respectively; Registered Nurse Jennifer Laha; and Advanced Practice Registered Nurse (APRN) Kelly A. Knipp. (Doc. 1, p. 1-6.) As the background of this case, Plaintiff alleges that after he committed battery on a correctional

1

officer at Lansing Correctional Facility on April 6, 2024, he was denied adequate medical treatment for injuries to his hand. *Id.* at 6; (Doc. 1-1, p. 2). Plaintiff alleges that the inadequate treatment continued after he was transferred to EDCF on April 8, 2024. (Doc. 1-1, p. 7-8.) Additional facts are included below as necessary.

As Count I, Plaintiff alleges the violation of his Eighth Amendment rights by deliberate indifference to a serious medical need, with the added notation:  "2 counts." (Doc. 1, p. 7.) As Count II, Plaintiff alleges the "[v]iolation of the Eighth Amendment 'Supervisory Liability' and/or Deliberate Indifference. (5 counts). [*sic*]." *Id.* As relief, Plaintiff seeks $10,000,000.00 in compensatory damages. *Id.* at 11. In an attached memorandum, Plaintiff requests $250,000.00 in compensatory damages from each of the following Defendants:  Zmuda, Williams, Holthaus, Gunderson, Madgwick, Lahn, and Knipp. (Doc. 1-1, p. 34.) He then requests $8,250,000.00 in compensatory damages from the KDOC and Centurion. *Id.* at 34-35.

## II. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

## III. Discussion

### A. Eleventh Amendment Immunity

Defendant KDOC is subject to dismissal from this matter because the State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir.

2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002); *see also McGee v. Corizon,* 831 F. Appx. 381, (10th Cir. Oct. 14, 2020) (unpublished) ("As to the Kansas Department of Corrections, the Eleventh Amendment bars McGee's claim. It is well-recognized that an action cannot be brought in federal court against a state or its agencies.") (citation omitted). Plaintiff's complaint seeks money damages from the KDOC and does not establish that the State of Kansas consented to this lawsuit. Thus, Plaintiff's claims against the KDOC are subject to dismissal.

### B.  Corporate Liability under § 1983

Defendant Centurion is subject to dismissal from this matter because Plaintiff has failed to allege the type of facts that support a plausible claim for Centurion's liability. Generally speaking, Plaintiff seeks to hold Centurion liable for the allegedly unconstitutional acts of its employees. But in the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell v. Department of Social Services*, 436 U.S. 658, 694 . . . (1978)." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014) (unpublished) (citations omitted). A corporation may not be held liable based upon respondeat superior, which is a legal doctrine holding employers liable for the acts of their employees taken within the scope of employment, because "vicarious liability is inapplicable to . . . § 1983 suits."

4

*See Rascón v. Douglas*, 718 F. App'x 587, 589–90 (10th Cir. 2017) (unpublished) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)); *see also Spurlock v. Townes*, 661 F. App'x 536, 545 (10th Cir. 2016) (unpublished); *Green v. Denning*, 465 F. App'x 804, 806 (10th Cir. 2012) (unpublished) ("An entity 'cannot be held liable *solely* because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a respondeat superior theory.'") (citation omitted); *Williams v. Correct Care Sols.*, No. 19-3075-SAC, 2019 WL 2005920, at *2 (D. Kan. May 7, 2019); *Jefferson v. Aramark Corr. Servs.*, Case No. 17-3161-SAC, 2017 WL 6557419, at *2 (D. Kan. Dec. 22, 2017); *Livingston v. Correct Care Sols.*, Case No. 07-3256-SAC, 2008 WL 1808340, at *1–2 (D. Kan. Apr. 17, 2008) (stating that "[a] policy is a formal statement by the private corporation" and "[a] custom is a persistent, well-settled practice of unconstitutional misconduct by employees that is known and approved by the corporation.").

Plaintiff has not identified in the complaint or the attachments thereto a formal policy or a custom by Centurion that warrants the imposition of corporate liability. The only policies mentioned are KDOC Internal Management Policies and Procedures (IMPPs) that Plaintiff alleges Centurion staff violated. This is insufficient to support a plausible claim of corporate liability and therefore, Defendant Centurion is subject to dismissal from this matter.

### C.  Personal Participation

Defendants Zmuda, Holthaus, Williams, Gunderson, and Madgwick are subject to dismissal from this matter because Plaintiff has failed to allege these Defendants' personal participation in a constitutional violation. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so]

a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

In other words, a viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). As a result, Plaintiff must not only name each defendant in the caption of the complaint, he must do so again in the body of the complaint and include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.

Liberally construing the complaint and the attachments thereto, Plaintiff generally alleges that Defendants Zmuda, Williams, Gunderson, Madgwick, and Holthaus are subject to supervisory liability for the acts of their employees. (Doc. 1, p. 2-4.) But, as noted above, supervisory liability does not apply in § 1983 suits, so this is not sufficient to state a plausible claim for relief. Next, Plaintiff generally alleges that each Defendant engaged in "negligent retention, training, and supervision." *Id.* But Plaintiff does not allege specific facts showing negligent retention, training, or supervision. He does not allege that any of these Defendants retained or trained any specific individual who violated his constitutional rights. Plaintiff's conclusory allegations of negligent retention, training, and supervision are insufficient to create personal liability under § 1983. *See Starr v. Hayden*, 2021 WL 826248, *2 (D. Kan. March 3, 2021) (unpublished) (quoting *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009), and dismissing claims based on "allegations of failure to train [that] are nothing more than conclusory and speculative statements").

The only specific factual allegations Plaintiff makes in the complaint and attachments

thereto regarding Defendants Zmuda, Williams, Gunderson, Madgwick, and Holthaus involve interactions in which he alleges each Defendant did not respond to his grievances and complaints "adequately," which appears to reflect that they did not respond as Plaintiff wishes they had. (Doc. 1, p. 2-3, 8-9, 11; Doc. 1-1, p. 10, 12-14, 16-24, 27-30, 32.) The Tenth Circuit has long made clear that an allegation that an official denied or failed to respond to a grievance is not enough to show personal participation as required for a plausible claim under § 1983. *See Gallagher*, 587 F.3d at 1069. To the extent that Plaintiff argues otherwise based on caselaw from other courts, such arguments are unpersuasive. It is well established that this Court is bound by Tenth Circuit precedent, regardless of the holdings by courts in other jurisdictions. *See United States v. Spedalieri*, 910 F.2d 707, 709, n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit, regardless of its views concerning the advantages of the precedent of our sister circuits. [Citations omitted.]"). Accordingly, because Plaintiff has failed to allege their sufficient personal participation in a constitutional violation, Defendants Zmuda, Williams, Gunderson, Madgwick, and Holthaus are subject to dismissal from this action.

### D. Rule 8

As Plaintiff is aware[1], Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d

[1] *See Adkins v. Kansas*, 2024 WL 4751378, *2-3 (D. Kan. Nov. 12, 2024) (unpublished) (explaining Rule 8 requirements to Plaintiff).

7

1369, 1371 (10th Cir. 1979)).

The complaint currently before the Court fails to connect the factual allegations to a specific claim or claim against a specific Defendant. The complaint and attachments thereto consist of over 100 pages, including a 36-page memorandum in support of Plaintiff's claims and 56 pages of exhibits. (*See* Docs. 1 through 1-22.) In the interest of efficiency, the Court has carefully examined and liberally construed the complaint and the attachments thereto in order to attempt to understand Plaintiff's claims. Even doing so, however, the precise claims Plaintiff wishes to assert remain unclear.

In the designated space on the required form, Plaintiff asserts as Count I:  "Violation of the Eighth Amendment 'Deliberate Indifference' for a serious medical need. (2 counts)." (Doc. 1, p. 7.) In the supporting facts, Plaintiff refers to Defendant Laha's failure to provide necessary treatment, but he also alleges that she did so "along with Centurion's Health Care Staff." *Id.* at 7-8. Also in the facts supporting Count I, Plaintiff refers to "inadequate medical treatment" he received from Defendant Knipp, who "inadequately placed a splint on [Plaintiff's] hand," and Plaintiff describes various unsuccessful attempts to seek redress for the "medical malpractice" he had received. *Id.* at 8-9. As Count II, Plaintiff alleges:  "Violation of the Eighth Amendment 'Supervisory Liability' and/or Deliberate Indifference. (5 counts)." *Id.* at 7. In the space on the form for stating the supporting facts for Count II, Plaintiff has written "See; (Attachments)." *Id.*

The 36-page memorandum in support filed with the complaint includes a section titled "Statement of Facts" (Doc. 1-1, p. 2-24) and a section titled "Argument and Authorities," *id.* The argument and authorities section begins with "Issue I," *id.* at 24, but at no point does it proceed to a second issue. It does not make clear which facts or arguments relate to or support Count I and which relate to or support Count II. In addition, neither the form complaint nor the memorandum

explain what Plaintiff means by the notation "2 counts" in Count I or "5 counts" in Count II. Simply put, although the factual basis for Plaintiff's complaint is set forth in great detail, it remains unclear which specific facts form the basis for specific legal claims for relief in this matter against each individual Defendant.

As Plaintiff was previously informed, he must allege sufficient facts *in the complaint* to state a plausible claim for relief against a named Defendant and to give fair notice to each Defendant of the legal claim against them and the factual basis for that claim. *See Adkins v. Kansas*, 2024 WL 4202369, *3 (D. Kan. Sept. 16, 2024) (unpublished); *Adkins*, 2024 WL 4751378, at *2. It is not enough to use the court-required form to refer the reader to lengthy attachments that include a general chronology of the factual basis for all of the claims in this matter. *See id.* Rather, "it is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). The complaint and attachments now before the Court do not do so.

When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint. *See Nasious* v. *Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007); *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (unpublished) (affirming dismissal without prejudice for violation of Rule 8 and stating that "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case"); *Triplett v. U.S. Dept. of Defense*, 2011 WL 1113551 (D. Kan. March 24, 2011) (unpublished). Rather than immediately imposing such a harsh consequence, the Court will grant Plaintiff time to file a complete and proper amended complaint that cures the deficiencies discussed herein.

If Plaintiff chooses to file an amended complaint and assert Eighth Amendment claims based on deliberate indifference to serious medical needs, he must set forth in the amended

9

complaint sufficient facts to show that each named Defendant personally participated in the constitutional violation. He must also make clear which facts support a claim against each named Defendant.

The Eighth Amendment's prohibition of cruel and unusual punishment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to] take reasonable measures to guarantee the safety of the inmates." *Smith v. Allbaugh*, 987 F.3d 906, 910 (10th Cir. 2021) (internal quotation marks and citations omitted). As noted above, all of Plaintiff's claims in this matter are based on alleged deliberate indifference to Plaintiff's serious medical needs. (*See* Doc. 1, p. 7.) The test for constitutional liability for deliberate indifference to a serious medical need involves two components, one objective and one subjective. *Paugh v. Uintah County*, 47 F.4th 1139, 1154 (10th Cir. 2022), *cert. denied* June 26, 2023.

> The objective component focuses on the "seriousness of the plaintiff's alleged harm," and the subjective component focuses on 'the mental state of the defendant with respect to the risk of that harm."
>
> ….
>
> To satisfy the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Self* [*v. Crum*], 439 F.3d [1227,] 1230 [(10th Cir. 2006)] (quoting *Farmer* [*v. Brennan*], 511 U.S. [825,] 834 [(1994)]). Generally, a medical need qualifies as "sufficiently serious" if it "has been diagnosed by a physician as mandating treatment" or if it is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock* [*v. Colo.*], 218 F.3d [1205,] 1209 [(10th Cir. 2000)] (citation omitted).

*Paugh*, 47 F.4th at 1154-55. In addition, "[m]edical delays can be sufficiently serious if they cause substantial harm, such as 'permanent loss[] or considerable pain.'" *Lance v. Morris*, 985 F.3d 787, 793 (10th Cir. 2021) (citations omitted).

"The subjective component of the test for deliberate indifference to a serious medical need

is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference." *Martinez*, 430 F.3d at 1305. "A Plaintiff may prove awareness of a substantial risk through circumstantial evidence that the risk was obvious." *Lance*, 985 F.3d at 794.

## IV. Amended Complaint Required

For the reasons set forth above, this action is subject to dismissal in its entirety. Plaintiff is given the opportunity to file a complete and proper amended complaint upon the required, court-approved form that cures all the deficiencies discussed herein. Plaintiff is advised that an amended complaint does not supplement the initial complaint; an amended complaint completely replaces the initial complaint. Therefore, any claims or factual allegations not included in the amended complaint will not be before the Court. Plaintiff may not refer to or incorporate by reference his initial complaint. The amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from his initial complaint and the attachments thereto.

Plaintiff must write the number of this case (24-3210) at the top of the first page of his amended complaint. He must identify only Defendants who may be sued under § 1983 and he must allege sufficient facts to show that each Defendant personally participated in a federal constitutional violation, as discussed above. He must name every Defendant in the caption of the amended complaint and again in the body of the amended complaint, where he must allege specific facts describing the unconstitutional acts taken by each Defendant including dates, locations, and

circumstances. For each Count, Plaintiff must clearly identify the constitutional right or rights he believes was violated, he must identify the Defendant or Defendants he believes committed the violation, and he must identify the specific facts that support each alleged violation by each Defendant. Plaintiff may attach additional pages to the complaint as necessary, but he may not rely on a separate memorandum to make clear the nature of his claims and the Defendants implicated in each claim.

   If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for the reasons stated herein. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary.


   **IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **February 14, 2025**, in which to file an amended complaint that cures the deficiencies discussed in this order. If Plaintiff fails to timely file a complete and proper amended complaint, this matter will be dismissed without prejudice and without further prior notice to Plaintiff. The clerk is directed to provide Plaintiff the court-approved form for an amended complaint.


   **IT IS SO ORDERED.**

   DATED:  This 14th day of January, 2025, at Kansas City, Kansas.


                              S/ John W. Lungstrum
                              JOHN W. LUNGSTRUM
                              United States District Judge